**PETROLITE CORPORATION, Plaintiff,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

Civ. A. No. 3007–54.

United States District Court
District of Columbia.

March 14, 1957.

Martin J. Brown, Lawrence D. Dibble, Washington, D. C., Adams, Forward & McLean, New York City, of counsel, for plaintiff.

C. M. Moore, Sol. of Patents, Washington, D. C., Arthur H. Behrens, Washington, D. C., of counsel, for defendant.

CURRAN, District Judge.

This is a civil action brought by the plaintiff, Petrolite Corporation, under Title 35 United States Code, § 145, to authorize the defendant, Commissioner of Patents, to issue to the plaintiff Letters Patent, containing Claims 1 and 4 of an application, Serial No. 147,760, entitled "Certain Aminopolyol Ethers", and filed by Melvin De Groote on March 4, 1950. The plaintiff is the assignee of De Groote.

The application describes a number of amino compounds prepared by reacting certain polyamines with propylene oxide. The application states that the product of the polyamine-propylene oxide reaction may be reacted further so as to produce entirely new derivatives, and then goes on to describe various compounds which may be reacted with the polyamine-propylene reaction product to yield certain further derivatives.

Claim 1 is a follows:

"High molal oxypropylation derivatives of monomeric polyamino compounds with the proviso that

"(a) The initial polyamino reactant be free from any radical having at least 8 uninterrupted carbon atoms;

"(b) The initial polyamino reactant have a molecular weight of not over 10,000 and at least a plurality of reactive hydrogen atoms;

1

"(c) The initial polyamino reactant must be water-soluble;

"(d) The oxypropylated product must be water-insoluble;

"(e) The oxypropylated product be within the molecular weight range of 5,000 to 100,000 on an average statistical basis;

"(f) The solubility characteristics of the oxypropylated product in respect to water must be substantially the result of the oxypropylation step;

"(g) The ratio of propylene oxide per initial reactive hydrogen atom must be within the range of 5 to 125;

"(h) The initial polyamino reactant must represent not more than 20%, by weight, of the oxypropylated product on a statistical basis;

"(i) The preceding provisos are based on the assumption of complete reaction involving the propylene oxide and initial polyamino reactant;

"(j) The polyamino reactant must contain at least one basic nitrogen atom; and

"(k) At least one carbon atom chain linking two nitrogen atoms is interrupted at least once by an oxygen atom."

Claim 4 imports no different issue of patentability or description from Claim 1.

The Board of Appeals of the Patent Office rejected Claims 1 and 4, holding them to be lacking in invention over the patent to Orthner, et al., No. 2,089,569, granted August 10, 1947, taken in combination with a second patent to Orthner No. 2,131,142, granted September 27, 1938. The Board also rejected Claims 1 and 4 as being vague, indefinite, functional, incomplete and generally failing to properly define the alleged invention.

Plaintiff concedes that "If the claims are subject to the vice of being vague or indefinite or functional or incomplete, they were properly rejected, as the statute and cases interpreting it plainly require precision of definition in patent claims."

Section 112 of Title 35 of the United States Code provides in part:

"The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

The Board of Appeals of the Patent Office, in considering this aspect of the matter, stated:

"The recitations of 'oxypropylation derivative', 'monomeric polyamino compounds' and 'initial polyamino reactant' are regarded as so indefinite as to be meaningless. The latter expression, for example, merely signifies a compound having a plurality of amino groups without any indication as to the remainder of the compound. The recitals of 'at least 8', 'not over 10,000', 'at least a plurality', 'not more than 20%', 'at least one basic nitrogen', 'at least one carbon' and 'at least once' have been characterized as improper negative limitations which render the claims indefinite."

I agree.

The claims here cover such a large number of compounds, whose structures are not defined, that the specification does not support the claims. Negative limitations, used in an effort to define the materials, result in uncertainty. Positive recitals of what these materials are should have been employed—not what they are not. It follows that the claims do not state the invention in a positive and distinct manner and they are therefore unpatentable. I find for the defendant.

The findings of fact and conclusions of law being contained in this opinion, no formal findings and conclusions are necessary. Counsel for the defendant will submit an appropriate order not inconsistent with this opinion.